IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ANGELA JONES and VANESSA PRICE, | § | |
| | § | |
| *Plaintiff*s, | § | |
| | § | Civil Action No. 9:07CV3 |
| v. | § | |
| | § | |
| TEXAS YOUTH COMMISSION, | § | JUDGE RON CLARK |
| | § | |
| *Defendant*. | § | |

## **ORDER**

Before the court is Defendant Texas Youth Commission's ("TYC") Motion to Compel Discovery **[Doc. # 31]**. Defendant argues that Plaintiffs Angela Jones and Vanessa Price did not fully comply with the Interrogatories and Requests For Production they were served with pursuant to Fed. R. Civ. P. 33(b)(3) and 34 on October 5, 2007. Defendant requests that the court either strike Plaintiffs' pleadings under Fed. R. Civ. P. 37(d) and 37(b)(2)(C) or refuse to allow Plaintiffs to support the claims affected by the discovery requests under Fed. R. Civ. P. 37(d) and 37(b)(2)(B). Plaintiffs respond that their responses to the Interrogatories and Requests For Production have now been sent to Defendant **[Doc. # 34]**. Defendant replies that although Plaintiffs sent interrogatory responses and documents on November 28, 29, and 30, more than one week after this Motion to Compel was filed on November 20, 2007, the responses and document production are incomplete and untimely **[Doc. # 36]**.

Fed. R. Civ. P. 37(a)(2)(B) states that a party may file a motion to compel disclosure in the court where the action is pending where the opposing party has failed to answer an interrogatory submitted under Rule 33 or to produce documents for inspection as requested under

1

Rule 34. Under Rule 37(d), where a party fails to serve answers or objections to interrogatories under Rule 33 or to serve a written response to a request for inspection submitted under Rule 34, the court may impose any of the sanctions authorized under Rule 37(b)(2)(A)-(C) "as are just." Unlike sanctions under Rule 37(b), a court order is not a necessary pre-requisite to imposition of sanctions under Rule 37(d). *See United States v. Silva*, 2007 U.S. Dist. LEXIS at *15 (S.D. Tex. Feb, 5, 2007).

Available sanctions under Rule 37(b)(2) include preventing the offending party from supporting or opposing designated claims, or introducing designated matters into evidence, Rule 37(b)(2)(B), or striking the pleadings, dismissing the action, or rendering a default judgment, Rule 37(b)(2)(C). Imposition of such sanctions "is appropriate where noncompliance has been willful or in bad faith." *Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989). As a general rule, the court will impose discovery sanctions to: (1) secure compliance with discovery rules, (2) deter others from violating them, and (3) punish those who do violate them. *Nat'l Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976).

Under Rule 33(b)(3), answers and any objections must be served within thirty days after service of interrogatories. After time expires, any objections not made are waived, unless the failure to timely object is excused by the court for good cause. FED. R. CIV. P. 33(b)(4). A party served with a request for production must serve a written response within 30 days after service of the request. FED. R. CIV. P. 34(b). If the responding party does not plan to comply, it must state the objection in a timely manner; otherwise, objections are waived. *See In re United States*, 864 F.2d 1153, 1156(5th Cir. 1989)("We readily agree with the district court that as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery

efforts, objections thereto are waived"); *Maloney v. Universalcom, Inc.*, 2001 U.S. Dist. LEXIS at *4 (E.D. La. Jan. 3, 2001). The Interrogatories and Requests For Production were served on October 5, 2007, meaning that the thirty day period in which to file any objections expired on November 5, 2007. Plaintiffs have never filed any objections.

Fed. R. Civ. P. 37(c)(1) states that a party who "without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Plaintiffs have presented no legitimate reason, let alone substantial justification, for failing to comply with the rules of discovery in this case.

Defendant produces several communications between Plaintiffs' attorney Mr. Joe Yardas and Defendant's counsel Mr. Scot Graydon in which Mr. Yardas blames attorney mix-ups **[Doc. # 31, Ex. 7]** and the fact that his clients "live out of the city"[1] **[Doc. # 31, Ex. 9]** for the Plaintiffs' failure to comply with the clear wording of the Federal Rules. In these letters, Mr. Yardas never once objects to any of the questions posited in the Interrogatories or documents to be produced in the Requests for Production; he merely laments the difficulties of securing his clients' compliance with the court's procedural rules. These letters demonstrate both the willingness of Mr. Graydon to accommodate and negotiate in good faith with Plaintiffs, as well as Mr. Yardas' lack of substantial justification (or, indeed, any cause at all) for failing to comply.

As further evidence of their lack of substantial justification in failing to comply, Plaintiffs

---

[1] Despite Mr. Yardas' protests that compliance was delayed because Plaintiffs live "out of the city," the court notes that as of the date their Complaint was filed (January 5, 2007), both Plaintiffs resided within two hours of Mr. Yardas' office in Conroe, TX (Plaintiff Jones in Alto, TX and Plaintiff Price in Lufkin, TX). The court is quite sure that all three cities have fax machines, post offices, and paved roads which allow for communication with the outside world.

actually produced interrogatory responses and documents in response to Defendant's Request For Production on November 28, 29, and 30. *See* Doc. # 36, Exs. B-E. No explanation was provided for Plaintiffs failure to comply before this date, nor have Plaintiffs ever objected to either the Interrogatories or Defendant's Request For Production. In fact, Plaintiffs now state that "if we produced no corresponding documents [to the requests for production], it means there were no responsive documents." *See id.*, Ex. E.

Defendant points out, however, that requests for which no corresponding documents exist include requests for medical bills and prescriptions, attorney billing records, and current resumes for both Plaintiffs. In addition, Plaintiffs named twelve individuals in response to interrogatory questions concerning who Plaintiffs have spoken to regarding the allegations raised in the lawsuit and who they expect to call to testify at trial; according to Defendant, these twelve individuals were not listed in Plaintiffs' Rule 26(a)(1)(A) Disclosures. As noted above, discovery closed on November 5, 2007.

To the extent that they have not already, the court will require Plaintiffs to fully and completely respond to Defendant's discovery requests. Because Plaintiffs did not have substantial justification for their failure to timely comply with discovery obligations, the twelve witnesses named in Plaintiffs' Interrogatory Responses may not testify at trial, nor may Plaintiffs use any of the documents produced in response to Defendant's Requests For Production at trial, unless Plaintiffs can show they were properly and timely disclosed to Defendant, included in any motion papers previously provided to the court, or otherwise timely produced.

IT IS THEREFORE ORDERED that Defendant Texas Youth Commission's Motion to Compel **[Doc. # 31]** is GRANTED.  To the extent that they have not already done so, Plaintiffs Angela Jones and Vanessa Price will fully and completely respond to the Interrogatories and Requests for Production by December 7, 2007.

IT IS FURTHER ORDERED that the twelve witnesses named in Plaintiffs' Interrogatory Responses may not testify at trial and  Plaintiffs may not use any of the documents produced in response to Defendant's Requests For Production at trial, unless Plaintiffs can show that the witnesses or documents were properly and timely disclosed to Defendant, included in any motion papers previously provided to the court, or otherwise timely produced.

So **ORDERED** and **SIGNED** this 3   day of **December, 2007.**

_____
  Ron Clark, United States District Judge